UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEONARD BAKER,<br><br>Petitioner,<br><br>v.<br><br>MUNIZ,<br><br>Respondents. | No. 2:18-cv-1154 DB P<br><br>ORDER AND ORDER TO SHOW CAUSE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to § 2254. Presently before the court is the petition for screening. For the reasons set forth below, the court will direct petitioner to show cause in writing why the petition is not untimely.

**FILING FEE**

By order dated January 18, 2019, petitioner was ordered to file an application to proceed in forma pauperis or pay the filing fee within thirty days. Petitioner failed to do so within the time provided and the undersigned recommended that this action be dismissed. Thereafter, petitioner paid the filing fee. Accordingly, the court will vacate the findings and recommendations (ECF No. 6) and screen the petition.

////

////

1

**SCREENING**

I. **Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

II. **The Petition**

Petitioner is challenging his October 23, 1981 murder conviction in the Yolo County Superior Court. (ECF No. 1 at 1.) Petitioner raises the following grounds for relief: (1) "the court appointed attorney wrote his own appeal and the court refused to file my habeas;" and (2) Arthur M. Haynnen tortured him to make him "participate in his murder for resurrection so that he could get a new identity." (ECF No. 1 at 6, 7.) Petitioner appears to object to the appointment of an attorney from the public defender's office to represent him instead of allowing an in-camera hearing where the judge would put him into a hypnotic state and question him. (ECF No. 1 at 19.) He also alleges that his attorneys did not properly prepare a defense. (ECF No. 1 at 19-20.)

Petitioner indicated in the instant petition that he appealed his conviction and it was affirmed, but he does not know the date the judgment was affirmed. (ECF No. 1 at 2.) Petitioner alleges he sought review in the California Supreme Court, but he does not know when the court rejected his petition for review. (Id.) However, elsewhere in the petition he indicates that his conviction was affirmed by the California Court of Appeal, Third Appellate District in 1983. (ECF No. 1 at 6.) Petitioner states that he filed a petition for writ of habeas corpus in the Yolo County Superior Court on October 11, 2017. Thereafter, he filed an appeal in the Third Appellate District and sought review by the California Supreme Court. (ECF No. 1 at 4.)

III. **Prior Petitions**

Petitioner has filed several habeas petitions in this district regarding his 1981 murder conviction. His first habeas action was filed on November 18, 1994. See Baker v. Attorney

General for the State of California, No. 2:94-cv-1892 WBS JFM P.[1] The action was initially dismissed due to petitioner's failure to exhaust in state court. However, on appeal the Ninth Circuit vacated the judgment and remanded the case, finding the district court lacked jurisdiction over the original petition because petitioner had failed to name his custodian as the respondent. See Baker v. Attorney General for the State of California, 97 F.3d 1458 (9th Cir. 1996) (unpublished). Thereafter, the original petition was dismissed with leave to amend. The court dismissed the action on April 10, 1997, after petitioner failed to file an amended petition. See Case No. 2:94-cv-1892 WBS JFM P.

Petitioner filed a second habeas petition in this court in 2012. See Baker v. Soto, No. 2:12-cv-1520 TLN DAD P. There, the court dismissed the petition on screening because it found that his claims were frivolous. See Case No. 2:12-cv-1520 TLN DAD P.

Petitioner filed a third habeas case challenging his 1981 murder conviction in 2016. See Baker v. Warden, No. 2:16-cv-0907 AC P. The court dismissed the petition finding it was barred by AEDPA's one-year statute of limitations. See Case No. 2:16-cv-0907 AC P.

**IV.     Statute of Limitations**

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This statute of limitations applies to habeas petitioners filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). The one-year clock commences from one of several alternative triggering dates. See 28 U.S.C. § 2244(d)(1).

Here, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). However, under the AEDPA, the statute of limitations is tolled during the time that a properly filed

////

---

[1] The court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 199 (9th Cir. 1980); see also Fed. R. Evid. 201 (a court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

application for state post-conviction or other collateral review is pending in state court. 28 U.S.C § 2244(d)(2).

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running when extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted); see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

A showing of actual innocence can also satisfy the requirements for equitable tolling. Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup [v. Delo, 513 U.S. 298 (1995),]² gateway and have his constitutional claims heard on the merits." Lee, 653 F.3d at 937; accord, McQuiggin, 569 U.S. at 386. To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Petitioner cannot pursue a claim for actual innocence without new evidence to offer for consideration.

---

² In Schlup, the Supreme Court announced that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief.

4

After reviewing the petition for habeas corpus, it appears that the petition is untimely. Petitioner indicates that he appealed his conviction. However, the petition contains inconsistent statements regarding when his conviction was affirmed. Accordingly, petitioner will be directed to show cause in writing why the petition should not be dismissed as untimely.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 18, 2019 (ECF No. 6) are vacated; and

2. Within thirty days of service of this order, petitioner must show cause in writing why the petition should not be dismissed as untimely. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: May 14, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas/bake1154.scrn

5