UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEONARD BAKER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>MUNIZ,<br><br>　　　　　　Respondents. | No. 2:18-cv-1154 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to § 2254. Petitioner is challenging his 1981 conviction in the Yolo County Superior Court. (ECF No. 1.) Presently before the court is petitioner's response to the court's order to show cause. (ECF No. 9.) For the reasons set forth below the court will recommend that the petition be dismissed as untimely.

**I.　　The Petition**

Petitioner is challenging his 1981 murder conviction. (ECF No. 1.) Petitioner states that he is entitled to release because his trial and appellate counsel were ineffective. (Id. at 19-20.) Petitioner further states that he should have received "an in camera hearing where the judge puts him into a hypnotic recovery and questions him to find the latent conceptions that created Arthur M Haynnen's death for resurrection that he had tortured [petitioner] to participate in with torture

////

1

from his dad and torture from hospital staff and inmates that made it impossible to do otherwise. [Petitioner] objected and is still objecting." (Id. at 19.)

Upon screening the petition, the court determined that the petition was potentially untimely. Petitioner was directed to show cause in writing why the petition should not be dismissed as untimely. (ECF No. 8.)

**II.     Petitioner's Response**

In his response petitioner claims "time limits do not apply" because he "is not guilty of murder in the first degree. The codefendant has been released." (ECF No. 9 at 1.) Petitioner additionally states that he was found guilty of murder because of the felony murder rule and "the codefendant trying to get the death penalty and be resurrected. Senate Bill 1437 petitioner is now in the superior court on a petition for resentencing." (Id. at 2.)

**III.    Discussion**

**A. Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of enactment. Lindh v. Murphy, 521 U.S. 320 (1997).

Relevant here is the AEDPA's imposition of a one-year statute of limitations on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The habeas statute's one-year statute of limitations provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2244(d)(1).

In a typical case, the limitations period begins running on the date that petitioner's direct review became final. However, the AEDPA is silent on how the one-year limitation period affects cases where direct review concluded before the enactment of the AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the court should not dismiss the petition pursuant to §2244(d)(1). Calderon v. U.S. Dist. Court (Beeler), 128 F.3d 1283, 1287 (9th Cir.), cert. denied, 118 S.Ct. 899 (1998), overruled on other grounds by Calderon, v. U.S. Dist. Court, 163 F.3d 530, 539-40 (9th Cir. 1998); Calderon v. U.S. Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds by Calderon, 163 F.3d at 539-40.

Petitioner has not indicated in the petition or the response when his criminal conviction became final. He has stated that he was convicted on October 23, 1981. (ECF No. 1 at 1.) Thus, it is likely that his conviction was final well before the enactment of the AEDPA. Accordingly, without the benefit of tolling, the petition filed in this court on April 30, 2018 is untimely.

### B. No Basis for Statutory or Equitable Tolling

In its order to show cause the court advised petitioner of the standards regarding statutory and equitable tolling. (ECF No. 8.) Petitioner has the burden of demonstrating that the AEDPA's one-year limitation was sufficiently tolled, whether statutorily or equitably. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002), overruled on other grounds by Pace, 544 U.S. at 418; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Petitioner has not provided any allegations that would show he is entitled to statutory or equitable tolling. The court is unable to determine any basis upon which petitioner could be entitled to tolling based on the information presented in the petition and response. Accordingly, petitioner has not shown that he is entitled to statutory or equitable tolling.

### C. Actual Innocence

Petitioner stated in his response that time limits are inapplicable because he is not guilty of murder. The court construes this as an argument that he is actually innocent.

A showing of actual innocence can satisfy the requirements for equitable tolling. Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 569 U.S. 383, 386 133 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup [v. Delo, 513 U.S. 298 (1995)] gateway and have his constitutional claims heard on the merits." Lee, 653 F.3d at 937; accord, McQuiggin, 569 U.S. at 386. This exception is limited to "certain exceptional cases involving a compelling claim of actual innocence." House v. Bell, 547 U.S. 518, 521 (2006); see also Schlup, 513 U.S. at 324 (noting that "experience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare").

In typical cases where a federal habeas petitioner has met the Schlup standard, "the 'new evidence' consisted of credible evidence that the petitioner had a solid alibi for the time of the crime, numerous exonerating eyewitness accounts of the crime, DNA evidence excluding petitioner and identifying another potential perpetrator, a credible confession by a likely suspect explaining that he had framed the petitioner, and/or evidence contradicting the very premise of the prosecutor's case against the petitioner." Stidham v. Cate, No. EDCV 10-0120 GAF (RNB), 2010 WL 5463795, at *7-8 (C.D. Cal. Oct. 28, 2010) (collecting cases).

In its order to show cause the court advised petitioner of the requirements for making a showing of actual innocence under Schlup. (ECF No. 8 at 4-5.) However, petitioner has not put forth anything more than a conclusory assertion that time limits are not applicable to him because he is innocent. There are no non-frivolous allegations in the petition or the response from which the court could conclude that petitioner has met the Schlup standard. Additionally, plaintiff's claims that he can show he is entitled to relief if he were allowed to testify under hypnosis is not sufficiently credible to meet the Schlup standard. Similar allegations brought by petitioner in a prior habeas action were found to be frivolous. See Baker v. Soto, No. 2:12-cv-1520 DAD P,

2014 WL 2960586 at *2 (E.D. Cal. Jun. 30, 2014) (Claims challenging "the denial of hypnosis-based evidence . . . appear to reflect fantastic or delusional scenarios, that are wholly incredible" should be dismissed as frivolous) (internal quotations and citations omitted). Petitioner has failed to put forth sufficient evidence to show that he is actually innocent.

### D. Senate Bill 1437

Petitioner has additionally indicated in his response that he was found guilty of first-degree murder and now has a petition for resentencing in the superior court pursuant to Senate Bill 1437. (ECF No. 9 at 2.) "Senate Bill 1437 made statutory changes altering the definitions of malice and first and second degree murder." People v. Martinez, 31 Cal.App.5th 719, 722 (2019). Senate Bill 1437 amends several sections of the California Penal Code and adds language to Penal Code § 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions." Id.

Petitioner cannot state a claim based on a change in California law in a federal habeas petition. Such a claim is not cognizable on federal habeas review because whether petitioner is entitled to relief under Cal. Penal Code § 1170.95 et seq. is solely a matter of state law. See Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus reaches only convictions obtained in violation of some provision of the United States Constitution."); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution laws or treaties of the United States."). Moreover, this claim has not been exhausted as petitioner indicated his petition is currently pending in superior court. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (In order to exhaust, a petitioner must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was denied.).

Accordingly, petitioner is not entitled to relief based on a change in California law because such a claim is neither cognizable nor exhausted.

////

**IV.     Conclusion**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that the petition be dismissed as untimely.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. § 2253(c) (absent a certificate of appealability, an appeal may not be taken from the final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255). Failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 31, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas/bake1154.f&r.time