UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. BAKER, | No. 2: 18-cv-1154-KJM-DB |
| Plaintiff, | |
| v. | ORDER |
| MUNIZ, prison warden, | |
| Defendant. | |

        Plaintiff's filing styled "Objection to Order," ECF No. 14, is before the court. The court construes this filing as a motion to reconsider the court's order adopting the findings and recommendations of the magistrate judge and dismissing the petition as untimely (ECF No. 12).

        A motion for reconsideration or relief from a judgment is appropriately brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp,* 871 F.2d 803, 805 (9th Cir. 1989)). Plaintiff's motion was brought within 28 days of final judgment and is thus timely as a Rule 59(e) motion.

        "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in *controlling law*.'" *Ybarra v. McDaniel*, 656 F. 3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F. 3d 734, 737 (9th Cir. 2001)) (emphasis added). Similarly, Local Rule 230(j)(3)-(4) requires that a

movant seeking reconsideration identify "what new or different facts or circumstances" exist, or any other grounds, to justify reconsideration of a court's prior order. E.D. Cal. L.R. 230(j)(3)-(4).

Here, the plaintiff cites to Senate Bill 1437, now codified as California Penal Code section 1170.95, as grounds to reconsider the court's order. Obj. to Order at 1, ECF No. 14. However, changes in state law are not cognizable on federal habeas review unless they implicate a violation of a provision of the United States Constitution. *See Smith v. Phillips*, 455 U.S. 209, 221 (1982). The court dismissed plaintiff's claim as untimely under the limitations period of AEDPA in 28 U.S.C. § 2244(d)(1). Plaintiff cannot show that an intervening change in a different law warrants reconsideration. The court notes that California Penal Code § 1170.95 expressly provides a state court procedure to vacate felony murder convictions.

Plaintiff alleges no other grounds for reconsideration: he does not allege newly discovered evidence, nor does he claim clear error or manifest injustice.

Plaintiff also cites a need for "a continuance that will allow him to exhaust his remedies with the lower courts as the change to the felony murder rule happened after he filed in this court." Obj. to Order at 2. Given that no further proceedings are pending in this matter and final judgment is entered, no continuance is warranted.

For the foregoing reasons, plaintiff's Objection to Order, here construed as a motion to amend or alter the judgment under Rule 59(e), is DENIED.

DATED: October 21, 2019.

_____
UNITED STATES DISTRICT JUDGE